**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GMAC MORTGAGE, LLC a Delaware Limited Liability Company, ) ) ) | |
| Plaintiff/Appellant, ) | Case No.: 2:13-cv-01157-GMN-NJK |
| vs. ) | **ORDER** |
| ) NEVADA ASSOCIATION SERVICES, INC., ) a Domestic Corporation; PECCOLE RANCH ) COMMUNITY ASSOCIATION, a Domestic ) Non-Profit Cooperative Corporation; and ) KEYNOTE PROPERTIES, LLC, ) ) | |
| Defendants/Respondents. ) ) | |

Before the Court is the question of whether to stay this action pending certification of questions to the Nevada Supreme Court. On November 12, 2013, Keynote Properties, LLC ("Keynote") filed a Motion to Certify Question to the Supreme Court of Nevada. (ECF No. 22.) GMAC Mortgage, LLC ("GMAC") filed its Response to the Motion to Certify Question on December 4, 2013. (ECF No. 28). The Court conducted a hearing on February 28, 2014, and issued a bench ruling **Granting** the motion. (ECF No. 32.)  Accordingly, this Order serves to memorialize the Court's bench ruling.

**I.     BACKGROUND**

The property at issue in this case is located at 9740 Ravine Avenue, Las Vegas, NV 89117, APN #163-06-316-165 (the "Property"). (Deed of Trust, Ex. 1 to Complaint, ECF No. 1-1.) On June 26, 2006, Carolyn M. Brown executed and delivered to non-party GMAC Mortgage Corporation dba ditech.com a Deed of Trust[1] encumbering the Property, which was recorded on August 3, 2006. (Complaint ¶ 8, ECF No. 1.) On August 9, 2011, the beneficial

---

[1] The Deed of Trust was recorded in Clark County as Book and Instrument No. 20060803-0003020. (Deed of Trust, Ex. 1 to Complaint, ECF No. 1-1.)

interest in the Deed of Trust was assigned to GMAC via an Assignment of Deed of Trust,[2] which was recorded on August 22, 2011. (*Id.* at ¶ 9.)

The Property is subject to a set of CC&Rs recorded by Peccole Ranch Community Association ("Peccole Ranch"). (Motion to Certify Question 2:23-3:3, ECF No. 22; Notice of Delinquent Assessment Lien, Ex. 3 to Complaint, ECF No. 1-3.)  Ms. Brown defaulted on her HOA dues under the CC&Rs, and on August 26, 2011, Nevada Association Services, Inc. ("NAS"), as agent for Peccole Ranch, recorded a Notice of Lien for Delinquent Assessments.[3] (Complaint ¶ 12, ECF No. 1.)  The Notice of Lien for Delinquent Assessments indicates that on August 23, 2011, Ms. Brown owed $1,188.94 to Peccole Ranch for various fees and charges. (Notice of Lien for Delinquent Assessments, Ex. 3 to Complaint, ECF No. 1-3.)

On May 27, 2012, NAS, as agent for Peccole Ranch, recorded a Notice of Default and Election to Sell under Homeowners Association Lien.[4] (Complaint ¶ 13, ECF No. 1.)  The Notice of Default and Election to Sell under Homeowners Association Lien indicates that on October 26, 2011, Ms. Brown owed $2,276.04 to Peccole Ranch for various fees and charges. (Notice of Default and Election to Sell under Homeowners Association Lien, Ex. 4 to Complaint, ECF No. 1-4.)

On May 31, 2012, NAS, as agent for Peccole Ranch, recorded a Notice of Foreclosure Sale,[5] setting a sale date for the Property on June 29, 2012. (Complaint ¶ 14, ECF No. 1.)  The Notice of Foreclosure Sale indicates that on May 29, 2012, Ms. Brown owed $3,807.46 to Peccole Ranch for various fees and charges. (Notice of Foreclosure Sale, Ex. 5 to Complaint,

---

[2] The Assignment of Deed of Trust was recorded in Clark County as Book and Instrument No. 20110822-0001895. (Assignment of Deed of Trust, Ex. 2 to Complaint, ECF No. 1-2.)
[3] The Notice of Lien for Delinquent Assessments was recorded in Clark County as Book and Instrument No. 20110826-0002537. (Notice of Lien for Delinquent Assessments, Ex. 3 to Complaint, ECF No. 1-3.)
[4] The Notice of Default and Election to Sell under Homeowners Association Lien was recorded in Clark County as Book and Instrument No. 20111027-0004855. (Notice of Default and Election to Sell under Homeowners Association Lien, Ex. 4 to Complaint, ECF No. 1-4.)
[5] The Notice of Foreclosure Sale was recorded in Clark County as Book and Instrument No. 20120531-0001766. (Notice of Foreclosure Sale, Ex. 5 to Complaint, ECF No. 1-5.)

1  ECF No. 1-5.)  GMAC contacted NAS concerning the Notice of Sale, and the sale was
2  thereafter postponed. (Complaint ¶ 15, ECF No. 1.)
3        According to the Complaint, on multiple occasions, GMAC contacted NAS or Peccole
4  Ranch and requested them to provide information concerning the amount necessary to
5  effectuate release of the lien and cancellation of the pending foreclosure sale. (*Id.* at ¶¶ 15-16.)
6  NAS and Peccole Ranch, however, either refused to provide the requested information or
7  simply ignored the communications. (*Id.* at ¶ 17.)  Following GMAC's failed attempts to satisfy
8  the lien, NAS, as agent for Peccole Ranch, conducted a foreclosure sale on April 17, 2013. (*Id.*
9  at ¶ 17; Foreclosure Deed, Ex. 6 to Complaint, ECF No. 1-6.)  A Foreclosure Deed[6] was
10 recorded on May 21, 2013, which indicates that Keynote purchased the Property for $7,200.00
11 at the foreclosure sale. (Foreclosure Deed, Ex. 6 to Complaint, ECF No. 1-6.)
12       On July 1, 2013, in the belief that Keynote would assert that the foreclosure sale had
13 extinguished its rights under the Deed of Trust, GMAC filed its Complaint with this Court,
14 alleging wrongful foreclosure and negligence and seeking declaratory relief and quiet title.
15 (Complaint, ECF No. 1.)  NAS, Peccole Ranch, and Keynote were served a copy of the
16 Complaint and Summons on August 20, August 22, and September 11, 2013 respectively. (ECF
17 Nos. 10, 11, 16.)  NAS and Peccole Ranch filed their Answer on September 13, 2013, denying
18 all claims asserted in the Complaint. (ECF No. 12.)  On October 1, 2013, Keynote filed its
19 Answer and Counterclaim denying all claims asserted by GMAC and asserting its own claim
20 for quiet title as well as claims for injunctive relief and unjust enrichment against GMAC. (ECF
21 No. 14.)
22       On October 25, 2013, GMAC filed its Motion to Dismiss Keynote's Counterclaims
23 (ECF No. 17.)  Keynote filed its Response to the Motion to Dismiss (ECF No. 20) on
24
25

---

[6] The Foreclosure Deed was recorded in Clark County as Book and Instrument No. 20130521-0001176. (Foreclosure Deed, Ex. 6 to Complaint, ECF No. 1-6.)

November 8, 2013, and GMAC filed its Reply to the Response (ECF No. 26) on November 18, 2013.

The initial issue in dispute is whether GMAC's interest under the Deed of Trust was extinguished by the foreclosure sale conducted pursuant to Chapter 116 of Nevada Revised Statutes.  As there is no controlling Nevada law on the question, on November 12, 2013, Keynote filed its Motion to Certify Question to the Supreme Court of Nevada (ECF No. 22), seeking to certify the following question:

> Whether foreclosure of a homeowners association lien created under Nevada's Common Interest Ownership Act, specifically NRS 116.3116, is given priority over, and impacts or extinguishes the security interest held by GMAC MORTGAGE, LLC?

As GMAC's attempts to satisfy Peccole Ranch's lien may affect the validity of the foreclosure sale, on December 4, 2013, GMAC filed its Response to the Motion to Certify Question (ECF No. 28) opposing certification or alternatively seeking to certify the following question:

> What impact does a foreclosure sale pursuant to NRS 116.31162 have on the first secured deed of trust when the homeowner's association forecloses before the beneficiary of the first deed of trust, and the homeowner's association (or its agent) refused to provide super-priority payoff amounts to the holder of the first deed of trust despite multiple efforts to obtain the payoff information in order to satisfy the nine-month super-priority lien?

## II. LEGAL STANDARD

The Nevada Supreme Court may answer questions of law "which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5.

Rule 5 of the Nevada Rules of Appellate Procedure, "Certification of Questions of Law," provides, in part:

> **(a) Power to Answer.**  The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the

United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.
  **(b) Method of Invoking.**  This Rule may be invoked by an order of any of the courts referred to in Rule 5(a) upon the court's own motion or upon the motion of any party to the cause.
  **(c) Contents of Certification Order.**  A certification order shall set forth:
    (1) The questions of law to be answered;
    (2) A statement of all facts relevant to the questions certified;
    (3) The nature of the controversy in which the questions arose;
    (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
    (5) The names and addresses of counsel for the appellant and respondent; and
    (6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. Appellate P. 5(a)-(c).

### III.   DISCUSSION

Chapter 116 of Nevada Revised Statutes codifies Nevada's Uniform Common-Interest Ownership Act, and, with some exceptions, applies to all common-interest communities created in Nevada, including associations of unit owners organized under a properly recorded declaration. Nev. Rev. Stat. §§ 116.001, -.1201, -.2101, -.3101.

"Every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." Nev. Rev. Stat. § 116.1113.  "The principles of law and equity, including . . . the law of real property, and the law relative to capacity to contract, principal and agent" supplement the provisions of this chapter except to the extent these principles are inconsistent with its provisions. Nev. Rev. Stat. § 116.1108.

Under section 116.3116, an association has a lien on a unit for assessments levied against that unit. Nev. Rev. Stat. § 116.3116(1).  Such a lien is prior to all other liens and encumbrances, with certain exceptions. Nev. Rev. Stat. § 116.3116(2).

One exception to this priority rule is "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).  However, under the so-called "super-priority" provision, the lien is prior to this security interest "to the extent of" charges under § 116.310312[7] and assessments for common expenses under § 116.3115 "which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien," unless federal regulations require a shorter period. Nev. Rev. Stat. § 116.3116(2).

Under section 116.31162, an association may foreclose its lien by sale under certain conditions. Nev. Rev. Stat. § 116.31162.  In 2013, the Nevada Legislature added a new provision, effective October 1, 2013, which applies "only with respect to trust agreements for which a notice of default and election to sell is recorded on or after October 1, 2013", and provides:

> The association may not foreclose a lien by sale if:
>   (a)  The unit is owner-occupied housing encumbered by a deed of trust;

---

[7] The current full text of this provision is the following:

> The lien is also prior to all security interests described in paragraph (b) to the extent of ***any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of*** the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien.  If federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien, the period during which the lien is prior to all security interests described in paragraph (b) must be determined in accordance with those federal regulations, except that notwithstanding the provisions of the federal regulations, the period of priority for the lien must not be less than the 6 months immediately preceding institution of an action to enforce the lien.  This subsection does not affect the priority of mechanics' or materialmen's liens, or the priority of liens for other assessments made by the association.

Nev. Rev. Stat. § 116.3116(2) (emphasis added).  The clause, "any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of," and the entirety of § 116.310312 were added by the Nevada Legislature in 2009.  *See* Act of May 28, 2009, ch. 248, AB 361, 2009 Nev. Laws 1007.

>  (b) The beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee has recorded a notice of default and election to sell with respect to the unit pursuant to subsection 2 of NRS 107.080; and
>
>  (c) The trustee of record has not recorded the certificate provided to the trustee pursuant to subparagraph (1) or (2) of paragraph (d) of subsection 2 of NRS 107.086.
>
>  As used in this subsection, "owner-occupied housing" has the meaning ascribed to it in NRS 107.086.

Act of June 12, 2013, ch. 536, AB 273, 2013 Nev. Laws 3483 (current version at Nev. Rev. Stat. § 116.31162(6)).

Additionally, "[e]very contract or duty governed by [Chapter 116 of Nevada Revised Statutes] imposes an obligation of good faith in its performance or enforcement." Nev. Rev. Stat. § 116.1113.

Here, because NAS, Peccole Ranch, and Keynote contend that GMAC's interest was extinguished by the foreclosure sale, the question of law that may determine the outcome of this action is whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit where an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162. Furthermore, because NAS and Peccole Ranch may not have acted in good faith in effectively denying GMAC the ability to satisfy Peccole Ranch's outstanding lien, GMAC's failed attempts to prevent foreclosure on the lien may have the effect of negating the foreclosure sale. The Court finds that the Nevada Supreme Court has not directly addressed these questions and there appears to be no controlling precedent in the decisions of the Nevada Supreme Court. As these issues concerning the interpretation and application Chapter 116 of Nevada Revised Statutes is common to many other cases pending before this Court, the Court has revised the questions proposed by the parties to make them more generally applicable to the issues. Accordingly, as discussed at the hearing, the Court

will certify the following questions of law:

> Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit where an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.
>
> What effect, if any, is there upon a foreclosure sale conducted pursuant to Nev. Rev. Stat. § 116.31162 when the association refuses to provide the holder of a first security interest under a deed of trust secured by the unit with the specific amount due under the portion of the association's delinquent assessments lien that has been made prior to the deed of trust by Nev. Rev. Stat. § 116.3116(2)(c)?

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Keynote's Motion to Certify Question to the Supreme Court of Nevada is **GRANTED**.  The following questions of law are **CERTIFIED** to the Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

> Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit where an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.
>
> What effect, if any, is there upon a foreclosure sale conducted pursuant to Nev. Rev. Stat. § 116.31162 when the association refuses to provide the holder of a first security interest under a deed of trust secured by the unit with the specific amount due under the portion of the association's delinquent assessments lien that has been made prior to the deed of trust by Nev. Rev. Stat. § 116.3116(2)(c)?

*See* Nev. R. App. P. 5(c)(1).  The nature of the controversy and a statement of facts are discussed above. *See* Nev. R. App. P. 5(c)(2)–(3).  GMAC is designated as the Appellant, and NAS, Peccole Ranch, and Keynote are designated as the Respondents.  *See* Nev. R. App. P. 5(c)(4).  The names and addresses of counsel are as follows:

/ / /

/ / /

| **Appellant/Plaintiff GMAC** | **Respondents/Defendants NAS and Peccole Ranch** |
|---|---|
| Christopher A.J. Swift<br>Nevada Bar No. 11291<br>cswift@piteduncan.com<br><br>Heather Lynne Trujillo<br>Nevada Bar No. 12651<br>Email: htrujillo@piteduncan.com<br><br>Gregg A. Hubley<br>Nevada Bar No. 7386<br>Email: ghubley@piteduncan.com<br><br>Pite Duncan, LLP<br>701 East Bridger Avenue<br>Suite 700<br>Las Vegas, NV 89101<br>702-991-4629<br>Fax: 702-685-6342 | Kaleb D. Anderson<br>Nevada Bar No. 7582<br>Email: kanderson@lipsonneilson.com<br><br>Joseph P. Garin<br>Nevada Bar No. 6653<br>Email: NVECF@lipsonneilson.com<br><br>Lipson Neilson Cole Seltzer & Garin<br>9900 Covington Cross Drive<br>Suite 120<br>Las Vegas, NV 89144<br>(702) 382-1500<br>Fax: (702) 382-1512<br><br>**Respondent/Defendant Keynote**<br><br>Aaron Ray Dean<br>Nevada Bar No. 9541<br>Email: adean@deanlegalgroup.com<br><br>The Dean Legal Group, Ltd.<br>612 S. 10th Street<br>Las Vegas, NV 89101<br>(702) 823-1354<br>Fax: (702) 823-2368 |

*See* Nev. R. App. P. 5(c)(5). Further elaboration upon the certified question is included in this Order. *See* Nev. R. App. P. 5(c)(6).

**IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. *See* Nev. R. App. P. 5(d).

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED without**

**prejudice**, with permission to re-file upon resolution of the Court's Certified Question to the Nevada Supreme Court.

**IT IS FURTHER ORDERED** that, beginning June 1, 2014, and every three months thereafter, the parties shall submit a Joint Status Report, including a statement from Keynote affirming that all taxes, fees and maintenance fees are current and up to date.

**DATED** this 17th day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge