**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DITECH FINANCIAL, a Delaware Limited Liability Company, | |
| Plaintiff, | Case No.: 2:13-cv-01157-GMN-NJK |
| vs. | **ORDER** |
| NEVADA ASSOCIATION SERVICES, INC., a Domestic Corporation; PECCOLE RANCH COMMUNITY ASSOCIATION, a Domestic Non-Profit Cooperative Corporation; KEYNOTE PROPERTIES, LLC ; and DOES 25 though 10 Inclusive, and ROES 1 through 10, inclusive, | |
| Defendants. | |
| KEYNOTE PROPERTIES, LLC, a Nevada limited liability company, | |
| Defendant/Counterclaimant, | |
| vs. | |
| DITECH FINANCIAL, LLC a Delaware Limited Liability Company, | |
| Plaintiff/Counterdefendant. | |

Pending before the Court is the Motion to Dismiss or, in the alternative, Motion for Summary Judgment, (ECF No. 69), filed by Defendants Peccole Ranch Community Association ("HOA") and Nevada Association Services, LLC ("NAS") (collectively "Defendants"). Plaintiff Ditech Financial, LLC ("Plaintiff") filed a Response, (ECF No. 70), and Defendants filed a Reply, (ECF No. 73).

Page 1 of 7

Also pending before the Countermotion for Summary Judgment, (ECF No. 71), filed by Plaintiff Ditech Financial, LLC ("Plaintiff"). Defendants filed a Response, (ECF No. 74), and Plaintiff filed a Reply, (ECF No. 76). For the reasons set forth herein, Plaintiff's Motion is **GRANTED,** and Defendant's Motion is **DENIED**.

I. <u>**BACKGROUND**</u>

The present action arises from the non-judicial foreclosure of the real property located at 9740 Ravine Ave., Las Vegas, Nevada 89117 ("the Property"). On April 7, 2005, Carolyn M. Brown obtained a loan in the amount of $245,000 from GMAC Mortgage Corporation ("GMAC") that was secured by a Deed of Trust on the Property. (Deed of Trust, Ex. C to Defendants' Mot. to Dismiss ("MTD"), ECF No. 69-3).[1] Federal National Mortgage Association ("Fannie Mae") purchased the loan in August 2006, and has owned it ever since. (*See* Ex. 1 to Plaintiff's Mot. for Summ. J. ("MSJ") ¶ 5, ECF No. 71-1). On October 21, 2016, GMAC recorded an assignment of the Deed of Trust to Plaintiff. (Ex. 4 to Plaintiff's MSJ, ECF No. 71-4).

On August 26, 2011, NAS, acting on behalf of the HOA, recorded a Notice of Delinquent Assessment Lien against the Property. (Ex. 5 to Plaintiff's MSJ, ECF No. 71-5). On May 21, 2013, the HOA sold the property to Defendant Keynote Properties, LLC ("Keynote") for $7,200. (Ex. 7 to Plaintiff's MSJ, ECF No. 71-7).

In the Amended Complaint, Plaintiff asserts the following causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) against Keynote; (2) quiet title against Keynote; (3) declaratory relief under the Fifth and Fourteenth Amendments against Keynote; (4) quiet title under the Fifth and Fourteenth Amendments against Keynote; (5) wrongful foreclosure

---

[1] The Court takes judicial notice of the matters of public record attached as exhibits in the respective parties' motions. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

against NAS and the HOA; (6) negligence against NAS and the HOA; and (7) negligence per se against NAS and the HOA. (Am. Compl. ¶¶ 48–104, ECF No. 67).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case

on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.     DISCUSSION**

The instant Motions implicate two overarching legal questions to be addressed by the Court: (1) the interplay between Nevada Revised Statute § 116.3116 and 12 U.S.C. § 4617; and (2) the impact of the Ninth Circuit's ruling in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June

26, 2017). In *Bourne Valley*, the Ninth Circuit found the notice scheme in NRS § 116.3116 to be facially unconstitutional. This ruling alone is sufficient to address the dispositive issues in this case. Nonetheless, in the interest of clarity, the Court addresses both questions separately.

**1) Nevada Revised Statute § 116.3116 and 12 U.S.C. § 4617**

Fannie Mae and FHFA request that the Court declare that "declare that the HOA sale did not extinguish the deed of trust and thus that Keynote's interest, if any, is subject to Fannie Mae's interest in the Property" (Pl.'s MSJ 29:7–8). The Court discussed the applicability of 12 U.S.C. § 4617(j)(3) in *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015). After addressing a multitude of arguments, the Court held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subject to a foreclosure without its consent. *Id.* at 1159. Here, Fannie Mae has held an interest in the Property since August 2006. (*See* Ex. 1 to Plaintiff's MSJ ¶ 5, ECF No. 71-1). Accordingly, because FHFA held an interest in the Deed of Trust as conservator for Fannie Mae prior to the HOA foreclosure, § 4617(j)(3) prevents the HOA foreclosure on the Property from extinguishing the Deed of Trust.

**2) The Scope and Effect of *Bourne Valley***

Irrespective of the above, the Court finds that the foreclosure in this case occurred under a facially unconstitutional scheme and therefore cannot have extinguished the Deed of Trust. In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their

objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS § 116.3116 would pass constitutional muster. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment). The fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Salerno*, 481 U.S. at 745. To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See, e.g.*, *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS § 116.3116, which it pinpointed in NRS 116.3116(2). *Bourne Valley*, 832 F.3d at 1158. In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount

importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

Accordingly, the HOA foreclosed under a facially unconstitutional notice scheme, and thus the foreclosure cannot have extinguished the Deed of Trust. The Court therefore finds that Plaintiff's interest in the Property remains subject to the Deed of Trust.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 71), is **GRANTED** consistent with the foregoing.

**IT IS FURTHER ORDERED** that NAS and the HOA's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, (ECF No. 69), is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall submit a status report identifying whether there are any non-moot claims remaining in light of this Order. The parties shall have seven (7) days from the date of this Order to file the status report. Failure to do so will result in the Court dismissing the remaining claims as moot and closing the case.

**DATED** this 21 day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court